IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr482-MHT |
| | ) | (WO) |
| CYRUS PHYFIER | ) | |

OPINION AND ORDER

This cause is before the court on the government's motion to continue.  Defendant Cyrus Phyfier stands charged in a multi-defendant indictment with a conspiracy to distribute cocaine hydrochloride.  The government seeks to continue Phyfier's trial until September 4, 2018, so that he can be tried with his codefendants.  Phyfier opposes the government's request.  For the reasons set forth below, the court finds that jury selection and trial, now set for July 18, 2018, should be continued.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986) (citation omitted), the court is limited by the

requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The Act also excludes from the 70-day period "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).

The court concludes that a continuance is permissible under § 3161(h)(6) so that the codefendants may be tried together, and that, in this case, the ends of justice served by granting a continuance outweigh

the interest of the public and Phyfier in a speedy trial.

A continuance is permissible in this case because, under § 3161(h)(6), the delay is excludable from Phyfier's 70-day speedy-trial period. "Congress enacted [§ 3161(h)(6)] ... recognizing that multidefendant trials are desirable because they promote efficiency in the disposition of trials. If the Act imposed rigid time limits without applying exclusions to codefendants, courts would be forced to grant severances which would otherwise not be required. ... For this reason, the rule in this Circuit is that the delay caused by one defendant is excludable as to his codefendants." *United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir. 1983) (citations and internal quotations omitted).

Section 3161(h)(6) contains the following requirements: a motion for severance from the codefendants must not have been granted; the time for trial must not have run as to the codefendants; and the

3

period of delay caused by the codefendants must be reasonable. *United States v. Darby*, 744 F.2d 1508, 1517 (11th Cir. 1984) (citations omitted).* These requirements are met here.

First, no motion for severance been granted.

Second, the speedy-trial clock has not run for Phyfier's codefendants. The codefendants were indicted on November 11, 2017, and first appeared in court on various days between April 12 and April 30, 2018; the 70-day period runs from the latter of these dates. *See* § 3161(c)(1). The September 4, 2018 trial term is more than 70 days from the date the codefendants first appeared in court. However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the

---

\* *Darby* refers to the current § 3161(h)(6) as § 3161(h)(7). *See id.* Pursuant to the Judicial Administration and Technical Amendments Act of 2008, PL 110-406, October 13, 2008, 122 Stat 4291, the former § 3161(h)(5) was omitted, so subsection (h)(7) became (h)(6).

defendant in a speedy trial."  § 3161(h)(7)(A). "Based on the nature of this case, the parties' need for adequate time for discovery and the need for counsel to have adequate time for trial preparation, [the United States Magistrate Judge found] ... that the ends of justice served by setting this case on [the September 4] trial term outweigh the best interest of the public and the defendant[s] in a speedy trial." Orders on Arraignment (doc. nos. 55, 68, 69, 86) at 2. Thus, the time for trial has not yet run for Phyfier's codefendants.

Finally, the court finds the delay that would result from the continuance is reasonable. Phyfier made his initial appearance on May 15, 2018, and did not waive his right to a speedy trial. If the case were continued until September 4, 2018, he would experience a delay of 112 days, of which 70 days would automatically be excluded. Thus, the delay the court must assess under § 3161(h)(6) is 42 days.

5

The reasonableness of a delay can be assessed in two alternative ways: by considering the totality of the circumstances, and by assessing whether the delay would prejudice the defendant. *See United States v. Darby*, 744 F.2d 1508, 1518 (11th Cir. 1984) ("Under one approach, reasonableness is determined with reference to the totality of the circumstances prior to trial."); *id*. at 1519 ("Reasonableness may also be judged in terms of prejudice to the defendant."); see also *United States v. Davis*, 679 F.2d 845, 850 (11th Cir. 1982) (applying prejudice analysis).

Under either approach, the 42-day delay is reasonable. Looking first to the totality of the circumstances, this case involves over 3,500 recorded phone calls produced from wiretaps, as well as photographic evidence and video recordings, and defendant Phyfier anticipates challenging the wiretaps. *See* Objection to Motion to Continue Trial (doc. no. 134) at 1-2. The days remaining between now and the current July 18, 2018 trial date are not sufficient for

the litigation and resolution of such a challenge. (Indeed, the court has serious doubts as to whether defense counsel could review all of the discovery and provide adequate representation in that short of a time.) In addition, Phyfier has filed motions for a bill of particulars and for complete access to the discovery files. These will take additional time, and the time for resolution of all motions may be excluded from the speedy-trial period as well. *See* § 3161 (h)(1)(D) (requiring the exclusion from the 70 days of a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); § 3161 (h)(1)(H) (requiring the exclusion from the 70 days of a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"). Thus, the 42-day delay is not only reasonable but likely necessary for the court to consider the pending motions.

Turning to the issue of prejudice, Phyfier has not shown that he would suffer any prejudice from the delay. *See Darby*, 744 F.2d at 1519. Thus, the court concludes that the 42-day delay is reasonable under § 3161(h)(6), and that the period from Phyfier's arraignment until September 4, 2018 is excluded from Phyfier's 70-day period. In short, a continuance would not violate Phyfier's statutory right to a speedy trial.

The court also concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Phyfier in a speedy trial. *See* § 3161(h)(7). "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez*, 649 F.3d 1222, 1233-34 (11th Cir. 2011) (citations omitted).

"In this circuit, the rule about joint trials is that 'defendants who are indicted together are usually tried together.' ... That rule is even more pronounced in conspiracy cases where the refrain is that 'defendants charged with a common conspiracy should be tried together.'" *Id*. at 1234. As Phyfier is charged with a conspiracy, if he were not tried with his codefendants, the government would have to present evidence of the entire conspiracy in trying Phyfier, and then do so again when trying his codefendants. Yet, Phyfier has not shown that he would suffer any prejudice from having his trial continued for 42 days. Because it would lighten the burden on witnesses, increase efficiency, and conserve judicial resources, because it would allow the court sufficient time to address Phyfier's motions and the anticipated litigation regarding the wiretap evidence, and because Phyfier would suffer no prejudice from the delay, the court will grant the continuance.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The government's motion for continuance (doc. no. 120) is granted.

(2) The jury selection and trial, now set for July 18, 2018, are reset for September 4, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 21st day of June, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**