IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr482-MHT |
| | ) | (WO) |
| CYRUS PHYFIER and WILLIAM RODRIQUEZ FORD | ) ) | |

OPINION AND ORDER

Defendant Cyrus Phyfier has filed an unopposed written motion to continue his trial. Defendant William Rodriquez Ford, who is set to be tried with Phyfier, joined the motion orally during an on-the-record hearing on March 28, 2019. Phyfier and Ford stand charged in a multi-defendant indictment for a conspiracy to distribute cocaine hydrochloride. For the reasons set forth below, the court finds that jury selection and trial for defendants Phyfier and Ford, now set for April 8, 2019, should be continued to June 24, 2019.

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the

court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public, Phyfier, and Ford in a speedy trial. Currently, there are amended suppression motions that are pending before the magistrate judge and have yet to be heard. After the motions are heard and the magistrate judge issues a recommendation, the parties must be allowed time to make objections to the recommendation and, if the motions are denied, then to prepare for trial. The April 8 trial date does not provide adequate time to do all this.

During the March 28 hearing, Ford's defense counsel represented that Ford and the government need more time to discuss possible settlement. If the parties do not settle, Ford still intends to go to trial with Phyfier.

Based on all these representations and considerations as well as that the government does not oppose a continuance for both defendants, the court concludes that a continuance is warranted to allow resolution of the suppression motions and to allow

Phyfier and Ford sufficient time to prepare effectively for trial or other disposition of the case.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Cyrus Phyfier's motion for continuance (doc. no. 407) is granted.

(2) Defendant William Rodriquez Ford's oral motion to continue (doc. no. 438) is granted.

(3) The jury selection and trial for defendants Phyfier and Ford, now set for April 8, 2019, are reset for June 24, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 28th day of March, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**