IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:17-cr-482-MHT-SMD-3 |
| | ) | |
| CYRUS PHYFIER | ) | |

**UNITED STATES' MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW TO EXCLUDE EVIDENCE**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., United States Attorney for the Middle District of Alabama, through the undersigned Assistant United States Attorney, and files this Motion in Limine to Exclude Evidence. The United States anticipates that defendant Cyrus Phyfier may attempt to introduce at trial evidence he was issued a permit to carry a concealed weapon. Such evidence would not be relevant to any pertinent issue at trial, is prohibited by law, and should be excluded.

**I.     Relevant Procedural History**

The defendant is currently charged in a multi-count superseding indictment with various offenses related to controlled substances and possession of firearms. Trial is currently set for June 24, 2019. Counsel for the defendant has advised the undersigned that he intends to offer at trial certain evidence received by the defendant from the Montgomery County Sheriff's Department. The evidence suggests that the defendant was issued a permit to carry a concealed weapon.

**II.    Law and Argument**

Section "922(g)(1) 'is a strict liability offense' and, consequently, does not require the prosecution to prove that the criminal acts were done with specific criminal intent." *United States v. Deleveaux*, 205 F.3d 1292, 1298 (11th Cir. 2000), citing *United States v. Thompson*, 25 F.3d

1558, 1563–64, n.4 (11th Cir. 1992). Put another way, a defendant's state of mind is ordinarily irrelevant. *United States v. Bell*, 214 F.3d 1299, 1300 (11th Cir. 2000), citing *United States v. Funchess*, 135 F.3d 1405, 1407 (11th Cir. 1998); *Thompson*, 25 F.3d at 1563–64. On the other hand, the Eleventh Circuit has recognized an exception to that general rule. Specifically, "the defense of entrapment-by-estoppel may prevent a defendant from being convicted of a § 922 offense." *Thompson*, 25 F.3d at 1564.[1] Such a defense is not applicable here.

"Entrapment-by-estoppel is an affirmative defense that provides a narrow exception to the general rule that ignorance of the law is no defense." *United States v. Funchess*, 135 F.3d 1405, 1407 (11th Cir. 1998); *see also United States v. Robinson*, 180 F. App'x 92 (11th Cir. 2006); *United States v. King*, 119 F.3d 290, 293 (4th Cir. 1997) ("the fact the state law permitted" possession of a firearm by "a convicted felon whose civil rights had not been restored is not sufficient insulat[ion] [] from [] prosecution under § 922(g)(1)"). To assert it successfully, a defendant "must actually rely on a point of law misrepresented by an official of the state; and such reliance must be objectively reasonable-given the identity of the official, the point of law represented, and the substance of the misrepresentation." *Id*. Thus, the question presented is whether Phyfier can proffer facts that, assuming those facts to be true, constitute entrapment-by-estoppel. He cannot.

In support of his claim, Phyfier appears to rely upon a pardon he received in relation to his felony convictions. The pardon, however, specifically stated his rights to possess firearms was not restored. Further, Phyfier appears to desire to present evidence that he erroneously received a

---

[1] The Eleventh Circuit has also recognized a justification defense to a § 922(g)(1) charge. *See Deleveaux*, 205 F.3d at 1297. Phyfier does not, however, appear to rely upon justification. Thus, it is not an issue here.

permit to carry a concealed weapon from the Montgomery County Sheriff's Department. Neither of those things, however, meet the elements necessary to establish entrapment-by-estoppel.

First, the pardon Phyfier received specifically stated that it did not restore his right to carry a firearm. The same can be said for the issuance of a pistol permit. When the Sheriff's Department realized that Phyfier's pardon did not restore his right to bear arms, the permit was revoked.

Assuming *arguendo* there was some misrepresentation on the part of a state official—and that reliance on that misrepresentation was objectively reasonable—Phyfier's claim still falls short. The "defense is not applicable where the state incorrectly advises the person and, then, the federal government prosecutes the person." *Funchess*, 135 F.3d at 1407 (citations omitted). Put another way, "[t]he defense of entrapment-by-estoppel, when asserted as a defense to a federal crime, requires reliance on a misstatement by an official or agent of the federal government." *Id*. (citations omitted). Phyfier does not allege that such occurred. Rather, as set forth, the only actions he relies upon to support his claim are actions of state officials.

Similarly, the Eleventh Circuit addressed a similar, estoppel-type defense on facts very much like those in Phyfier's case. In *United States v. Bruscantini*, 761 F.2d 640 (11th Cir. 1985), *superseded by statute on other grounds as recognized in United States v. Fernandez*, 234 F.3d 1345, 1347 n.2 (11th Cir. 2000), a defendant convicted under § 922(b), which prohibits convicted felons from receiving firearms that have been shipped in interstate commerce, appealed his conviction on the ground that both the state judge who had accepted his *nolo contendere* plea on his predicate conviction and the state prosecutor who had prosecuted that case had told him he was not a convicted felon. Relying on *Cox v. Louisiana*, 379 U.S. 559 (1965), and *Raley v. Ohio*, 360 U.S. 423 (1959), he asserted he should be insulated from prosecution because he had reasonably

relied on the advice—albeit incorrect—of authoritative state officials.[2] *Bruscantini*, 761 F.2d at 641.

The Eleventh Circuit rejected his estoppel argument. The Court distinguished both *Cox* and *Raley*, noting that while the defendants in those cases had been advised on *state* law by *state* officials and then prosecuted for *state* offenses, Bruscantini had been misinformed by *state* officials and then indicted and convicted of a violation of *federal* law. The Court found "[t]his distinction is important here, particularly where the analysis of the federal law, § 922, does not depend on state practice . . . and where knowledge of one's status as a convicted felon is not an element of the offense of receiving firearms." *Bruscantini*, 761 F.2d at 641–42. The Court further made an important policy-based observation:

> Moreover, if one benefit of the estoppel defense is that it encourages government officials to better know and articulate the law, that benefit is not present where application of the defense would penalize the wrong government-- the government that prosecuted appellant rather than the government that mistakenly and misleadingly interpreted the law.

*Id*. at 642. For this reasons, and all those set forth above, this court should determine that entrapment-by-estoppel is no defense in this case.

WHEREFORE, in light of the foregoing reasons, the United States respectfully moves this Court to exclude any evidence related to the fact that defendant Phyfier possessed a permit to carry

---

[2] These cases first recognized an estoppel-type defense based on due process principles. In *Cox*, the Court held that where the highest police officials of city, in the presence of the sheriff and the mayor, told demonstrators led by the defendant that they could meet across the street from courthouse but could not meet closer to courthouse, due process did not permit conviction of the defendant under statute punishing picketing too close to the courthouse. *Cox*, 379 U.S. at 571-72. In *Raley*, the Court held that where the Ohio Un-American Activities Commission had advised three witnesses that they had the right to rely on the privilege against self-incrimination afforded by Ohio Constitution, federal due process did not permit the witnesses, who refused to answer certain questions, to be convicted for contempt on the theory that they were presumed to know the law of Ohio, and that an Ohio immunity statute deprived them of the protection of the privilege. *Raley*, 360 U.S. at 437.

a concealed weapon, as such evidence would not be relevant to any pertinent issue at trial and is prohibited by law.

Respectfully submitted this 10th day of June, 2019.

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY


*/s/ Curtis Ivy, Jr.*
CURTIS IVY, JR.
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Telephone: (334) 223-7280
Fax: (334) 223-7138
E-mail: Curtis.Ivy@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:17-cr-482-MHT-SMD-3 |
| ) | |
| CYRUS PHYFIER ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to David Vickers, counsel for the defendant.

Respectfully submitted,

*/s/ Curtis Ivy, Jr.*
CURTIS IVY, JR.
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Telephone: (334) 223-7280
Fax: (334) 223-7138
E-mail: Curtis.Ivy@usdoj.gov