IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr482-MHT |
| | ) | (WO) |
| CYRUS PHYFIER | ) | |

OPINION AND ORDER

Defendant Cyrus Phyfier is charged with ten drug and gun-related counts, including two counts of being a felon in possession of a firearm and ammunition. This June, the Supreme Court held that to convict a defendant of being a felon in possession under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that he *knew* he was a convicted felon when he possessed the firearm or ammunition. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Subsequently, this court ordered the parties to brief two issues: whether, in light of *Rehaif*, (1) the single felon-in-possession charge in the first superseding indictment against Phyfier was defective and should be dismissed, and (2), if the charge is not dismissed,

evidence that Phyfier received a concealed-carry permit and state pardon is admissible. Having considered the parties' briefing, the court holds that the two felon-in-possession charges in the later, second superseding indictment are not defective, and that neither the permit nor pardon are admissible as substantive evidence to negate that Phyfier was a felon-in-possession.

A. Defective Indictment Issue

A grand jury has returned three indictments against Phyfier in this case: the original indictment, the first superseding indictment, and the second superseding indictment. Only the first and second superseding indictments are relevant here.

The first superseding indictment contained a single felon-in-possession charge and alleged that Phyfier, having been convicted of a felony, "did knowingly possess a firearm and ammunition." Superseding Indictment (doc. no. 143) at 4. It did not accuse him

of knowing that he was a convicted felon when he possessed the gun and ammunition. This omission raised the possibility that, under *Rehaif*, the indictment was defective as to the felon-in-possession charge. *See United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015).

The government concedes that *Rehaif* applies to Phyfier's case. *See* Gov't Brief on *Rehaif* (doc. no. 581) at 2-4. Nevertheless, the government addressed any possible *Rehaif* defect by obtaining a second superseding indictment. The second superseding indictment asserts a second felon-in-possession charge and alleges that Phyfier knowingly possessed a firearm and ammunition, "knowing that he had been convicted" of a felony. Second Superseding Indictment (doc. no. 582) at 4-5. The second superseding indictment thus properly alleges that "the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. In fact, Phyfier concedes that the second

superseding indictment "did cure the defect in the original indictment."  Def. Brief on *Rehaif* (doc. no. 585) at 3.

Accordingly, the two felon-in-possessions counts in the second superseding indictment are not defective and remain in this case.

### B. Permit and Pardon Issue

The government moved to exclude evidence that the Montgomery County Sheriff's Office issued Phyfier a permit to carry a concealed weapon.  *See* Motion *in Limine* (doc. no. 498).  The government also seeks to exclude a copy of a pardon that Phyfier received for prior state convictions, which expressly states: "THIS PARDON DOES NOT RESTORE THE RIGHT TO SHIP, TRANSPORT, POSSESS OR RECEIVE FIREARMS, AS PROHIBITED BY THE FEDERAL GUN CONTROL ACT (18 USCA SECTION 922)."  Pardon (555-1) at 1.  According to the government, the evidence of the permit and pardon is irrelevant and thus inadmissible.

**Evidence is relevant if has any tendency to make more or less probable a "fact [that] is of consequence in determining the action." Fed. R. Evid. 401. Phyfier posits two possible theories under which evidence of the permit and pardon would bear on facts of consequence to his felon-in-possession charges, and thereby be relevant and admissible. The first theory is that the evidence furthers his entrapment-by-estoppel defense to the felon-in-possession counts. The second theory is that the evidence tends to disprove that he had the knowing mental state required by *Rehaif*. As explained below, both theories of relevance fail.**

**1. Entrapment-by-Estoppel Theory**

**"Entrapment-by-estoppel is an affirmative defense that provides a narrow exception to the general rule that ignorance of the law is no defense." *United States v. Funches*, 135 F.3d 1405, 1407 (11th Cir. 1998). To raise the defense successfully, the**

defendant must "actually rely on a point of law misrepresented by an official," and such reliance must be "objectively reasonable--given the identity of the official, the point of law represented, and the substance of the misrepresentation." *Id.* In some circumstances, the defense may apply to counter a felon-in-possession charge. *See id.* (citing *United States v. Thompson*, 25 F.3d 1558, 1563-64 (11th Cir. 1994)).

Critically, however, the Eleventh Circuit has clarified that the defense "is not applicable where the state incorrectly advises the person and, then, the federal government prosecutes the person." *Id.* (citing *United States v. Bruscantini*, 761 F.2d 640, 642 (11th Cir. 1985)). In other words, "entrapment-by-estoppel, when asserted as a defense to a federal crime, requires reliance on a misstatement by an official or agent of the *federal* government." *Id.* (emphasis added).

Because the permit was issued by the Montgomery County Sheriff's Office--rather than by a federal agent

or official--evidence of the permit does nothing to further a potential estoppel-by-entrapment defense to the federal felon-in-possession charges here. Hypothetically, if Phyfier also proffered evidence of a misstatement by a *federal* official or agent, the Montgomery permit-related evidence might be relevant to showing the reasonableness of his reliance on the federal misstatement. But that is not the case here: there is no proffered evidence of a misstatement of law by a federal agent or official. Accordingly, the evidence of the Montgomery permit is irrelevant and thus inadmissible. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

For essentially the same reason, the pardon is not admissible to prove the entrapment-by-estoppel defense. Namely, the pardon was from an Alabama *state* agency, not a federal agent or official. Furthermore, it bears highlighting that any reliance by Phyfier on the pardon in believing that he could possess a firearm would be objectively unreasonable given that the pardon

7

expressly states that "THIS PARDON DOES NOT RESTORE THE RIGHT TO SHIP, TRANSPORT, POSSESS OR RECEIVE FIREARMS, AS PROHIBITED BY THE FEDERAL GUN CONTROL ACT (18 USCA SECTION 922)." Pardon (doc. no. 555-1) at 1.[1]

### 2. *Rehaif* Mental-State Theory

Phyfier contends that evidence of the concealed-carry permit is relevant to showing that he did not have the knowing mental state that *Rehaif* requires for a felon-in-possession conviction. Specifically, he argues that *Rehaif* requires not only that the defendant knew he was a convicted felon at the time he possessed the firearm, but also that he knew he was prohibited from possessing the firearm. *See* Def. Brief on *Rehaif* (doc. no. 585) at 3. Phyfier does not dispute that he knew he was a convicted felon.

---

1. A conviction that has been pardoned does not qualify as a conviction for purposes of the felon-in-possession statute, "unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(20).

Instead, he argues that the permit tends to prove that he believed he was *not* prohibited from possessing the firearm. So, Phyfier's theory of relevance hinges on the validity of his interpretation that *Rehaif* requires the government to prove that the defendant knew he was prohibited from possessing the firearm. Because, for the reasons outlined below, *Rehaif* imposes no such requirement, Phyfier's theory fails.

*Rehaif* addressed § 922(g), which provides that "[i]t shall be unlawful" for certain individuals to possess firearms. The provision lists nine categories of people subject to the prohibition, including convicted felons and noncitizens who are "illegally or unlawfully in the United States." *Id.* The *Rehaif* Court held that in a prosecution under §§ 922(g) and 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Phyfier basically reads "knew he belonged to the

9

relevant category of persons barred from possessing a firearm" to mean the defendant knew his status of both being a convicted felon *and* being prohibited from possessing a firearm. This reading is incorrect.

To start, the *Rehaif* Court nowhere stated that, in the case before it or in other § 922(g) prosecutions, the government must prove that the defendant knew he was prohibited from possessing a firearm. If the Court wanted to establish such a significant requirement, it presumably would have said so. Furthermore, Phyfier's reading conflicts with the Court's assertion that the question presented was whether the "Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)?" *Id.* at 2194. This phrasing strongly suggests that by "relevant status," the Court meant only whether the defendant "was a felon, an alien unlawfully in the

10

country, or the like," *not* whether he also knew was he prohibited from possessing a firearm. *Id.*

Finally, Phyfier's proposed reading contradicts the reasoning of *Rehaif*, which largely rested on the "longstanding presumption ... that Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct." *Id.* at 2195 (internal quotation marks omitted). Because the text of § 924(a)(2) refers to "knowingly violat[ing]" 922(g), the Court concluded that a knowing mental state applies to "the material elements of § 922(g)." *Id.* at 2196. Those material elements include the "status element (in this case, 'being an alien ... illegally or unlawfully in the United States.'")  *Id.* at 2195-96. Critically, unlike the status element of being an unlawfully present noncitizen or a convicted felon, being prohibited from possessing a firearm is *not* an element of § 922(g). Therefore, while the government must prove that Phyfier had knowledge with respect to

11

the status element of being a convicted felon, it need not prove that he had knowledge with respect to being prohibited from possessing a firearm--which, again, is not an element of the crime.[2]

In short, *Rehaif* does not require that the defendant knew he was prohibited from possessing a firearm. Consequently, whether Phyfier knew he was prohibited from possessing a firearm is not a "fact ... of consequence in determining" whether he was a felon in possession. Fed. R. Evid. 401(b). Evidence offered prove or disprove that fact--including the permit and pardon--is therefore irrelevant and inadmissible.[3]

---

2. It also bears noting that *Rehaif* held that a knowing mental state applies to the statute, not a willful mental state. Unlike the former, the latter requires "an intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law." Pattern Crim. Jury Instr. 11th Cir. BI B9.1A (2016).

3. Theoretically, evidence tending disprove that *Rehaif* knew he was a convicted felon would be relevant. But Phyfier makes no argument that the pardon or permit

All told, because the only two theories of relevance put forth by Phyfier fail, the permit and pardon are not admissible as substantive evidence to counter the charges that he violated § 922(g)(1)'s prohibition on possessing a firearm or ammunition.

***

Accordingly, it is ORDERED that the motion *in limine* to exclude evidence (doc. no. 498) is granted, to the extent that defendant Cyrus Phyfier is prohibited from introducing, as substantive evidence that he did not violate § 922(g)(1), evidence that he received a Montgomery County Sheriff's Office's concealed-carry permit or an Alabama pardon for prior convictions.

DONE, this the 5th day of August, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

would tend to disprove such knowledge, and the court does not see how they would either.