# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 05, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-14944-HH
Case Style: USA v. Cyrus Phyfier
District Court Docket No: 2:17-cr-00482-MHT-SMD-3

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Christopher Bergquist, HH at 404-335-6169.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14944
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00482-MHT-SMD-3

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee,

versus

CYRUS PHYFIER,

                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 5, 2021)

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Cyrus Phyfier appeals his convictions for conspiracy to possess and distribute powder cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, distribution of crack cocaine in violation of § 841(a)(1), distribution of marijuana in violation of § 841(a)(1), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Phyfier raises three arguments on appeal. First, he challenges the district court's denial of his motion to suppress evidence found in Shakalya Harris's apartment—the location of his arrest—because, he alleges, officers discovered the evidence during an improper protective sweep and did not have consent to search the apartment. Second, Phyfier argues that the district court erred in granting the government's motion *in limine* to prevent him from introducing a state pardon he received for his prior state felony conviction and a pistol permit he received from the Montgomery Sheriff's Department because, according to him, those pieces of evidence would have established his entrapment-by-estoppel defense and would have shown that he did not know that he was prohibited from possessing a firearm as he contends is required under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Lastly, Phyfier challenges, for the first time on appeal, the admission during his trial of his prior state convictions, his disciplinary record while in prison, and his

2

domestic-violence and sexual-torture charges. We address each issue in turn, and after careful review, we affirm.

The facts are known to the parties; we do not repeat them here except as necessary to resolution of issues presented.

# I

Phyfier challenges the district court's denial of his motion to suppress evidence found in the apartment where he was arrested because, he says, officers discovered the evidence during an improper protective sweep and did not have consent to search the apartment.[1]

"[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Payton v. New York*, 445 U.S. 573, 590 (1980). Accordingly, a warrantless search inside a home is, with few exceptions, unreasonable under the Fourth Amendment. *Kyllo v. United States*, 533 U.S. 27, 31 (2001). Two of those exceptions, however, are applicable here.

First, the Supreme Court has held that a properly limited warrantless "protective sweep," conducted incident to an arrest, is reasonable under the Fourth

---

[1] A district court's denial of a defendant's motion to suppress is reviewed under a mixed standard of review; we review the district court's findings of fact for clear error and the district court's application of law to those facts *de novo*. *United States v. Ramirez*, 476 F.3d 1231, 1235 (11th Cir. 2007); *United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006).

Amendment "when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Maryland v. Buie*, 494 U.S. 325, 337 (1990). A "protective sweep" must be "narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Id.* at 327. If there is sufficient justification, a properly limited protective sweep may occur "in conjunction with an in-home arrest." *Id.* at 337.

Second, we have held that a consensual search of the home is allowed under the Fourth Amendment. *McClish v. Nugent*, 483 F.3d 1231, 1240 (11th Cir. 2007). Importantly, a "consensual search is confined to the terms of its authorization." *United States v. Strickland*, 902 F.2d 937, 941 (11th Cir. 1990).

Here, the district court did not err in denying Phyfier's motion to suppress. First, the officers conducted a valid protective sweep because they had reasonable suspicion to believe that there was another individual in Harris's apartment. *See Buie*, 494 U.S. at 337. Although Harris stated that she believed that Phyfier was alone in the apartment, she could not be certain because she arrived after the officers, and the officers had no way of knowing whether her belief was correct. Moreover, Phyfier behaved suspiciously and refused to leave the apartment for an hour, giving credence to the officers' belief that there may have been another individual in the apartment with him. Once the officers finally did enter the

apartment, their protective sweep was brief and limited to areas where someone could be hiding, and the firearm that they found was in plain view in the open bedroom closet adjacent to where Phyfier was detained.

Second, even assuming that the protective sweep was invalid, Harris gave permission for the officers to enter and search her apartment. During an interview with an ATF agent, Harris stated that she had given her consent for the officers to search her apartment "for [Phyfier's] phone and whatever else." Therefore, the search was consensual and permissible under the Fourth Amendment. *McClish*, 483 F.3d at 1240.

Accordingly, we affirm as to this issue.

## II

Next, Phyfier asserts that the district court erred in granting the government's motion *in limine* to prevent him from introducing a state pardon he received for his prior state felony conviction and a pistol permit he (erroneously) received from the Montgomery Sheriff's Department. (The pistol permit was wrongly issued because, by its plain terms, the state pardon he received did not restore Phyfier's right to a firearm.) According to Phyfier, those pieces of evidence would have established his entrapment-by-estoppel defense to his firearm convictions and would have shown that he did not know that he was prohibited

from possessing a firearm as he contends is required under *Rehaif v. United States*, 139 S. Ct. 2191.[2]

"Entrapment-by-estoppel is an affirmative defense that provides a narrow exception to the general rule that ignorance of the law is no defense." *United States v. Funches*, 135 F.3d 1405, 1407 (11th Cir. 1998). Under the defense, a defendant "must actually rely on a point of law misrepresented by an official of the state; and such reliance must be objectively reasonable—given the identity of the official, the point of law represented, and the substance of the misrepresentation." *Id.* "But the defense is not applicable where the state incorrectly advises the person and, then, the federal government prosecutes the person." *Id.* Thus, "[t]he defense of entrapment-by-estoppel, when asserted as a defense to a federal crime, requires reliance on a misstatement by an official or agent of the federal government." *Id.*

Under federal law, it is unlawful for anyone "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm, and an individual who "knowingly" does so is subject to punishment. 18 U.S.C. §§ 922(g)(1), 924(a)(2). In *Rehaif*, the Supreme Court

---

[2] "Normally, in reviewing a district court's grant of a government's motion in limine, the standard is abuse of discretion." *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir. 1994). "Conclusions of law are reviewed *de novo*." *Id.* "Findings of fact made by the district court, however, shall not be set aside unless clearly erroneous." *Id.* (quotation marks omitted). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Id.*

held that a "prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2) [requires] the [g]overnment [to] prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The Supreme Court did not require that the government prove that the defendant knew that he was prohibited from possessing a firearm. *See generally id.*

Here, the district court did not err in granting the *government's* motion *in limine* because Phyfier's arguments as to why he needed to present his state pardon and pistol permit were unpersuasive. Phyfier's entrapment-by-estoppel theory of defense is foreclosed by our precedent in *Funches,* which specifically stated that the defense is inapplicable where the defendant relies on the actions of a *state* official in relation to prosecution for a *federal* crime. *Funches*, 135 F.3d at 1407. That is exactly what Phyfier was trying to demonstrate here—reliance on a misstatement by a state official for a federal crime—in attempting to offer the state pardon and pistol permit into evidence. Therefore, the entrapment-by-estoppel defense is not applicable to him.

Further, Phyfier's argument that his state pardon and pistol permit show that he did not have the mental state required under *Rehaif* is incorrect. *See* 139 S. Ct. at 2200. As explained, *Rehaif* only required that the government show that a defendant "knew he possessed a firearm and that he knew he belonged to the

7

relevant category of persons barred from possessing a firearm." *Id.* Thus, Phyfier's attempt to show that he did not know that he was prohibited from possessing the firearm is inapposite under *Rehaif*. *Id.* Accordingly, we also affirm as to this issue.

## III

Finally, Phyfier challenges, for the first time on appeal, the admission of his prior state convictions, his disciplinary record while in prison, and his domestic-violence and sexual-torture charges during his trial.

Evidentiary challenges raised for the first time on appeal are reviewed for plain error. Fed. R. Crim. P. 52(b); *United States v. Charles*, 722 F.3d 1319, 1322 (11th Cir. 2013). Plain error occurs where (1) there is an error (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Presendieu*, 880 F.3d 1228, 1237–38 (11th Cir. 2018).

Even if a district court erroneously admitted evidence under Rule 404(b), we may still affirm if the error was harmless. *United States v. Hubert*, 138 F.3d 912, 914 (11th Cir. 1998); *see also* Fed. R. Evid. 103(a); Fed. R. Crim. P. 52(a). Evidence admitted in violation of Rule 404(b) is harmless where there is substantial evidence of the defendant's guilt. *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). Specifically, we have explained that, where

otherwise inadmissible evidence is erroneously admitted, the error will not warrant a reversal "if the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Harrison*, 329 F.3d 779, 789 (11th Cir. 2003).

Additionally, it is well established that when a defendant testifies in his own defense, the jury may disbelieve his testimony, conclude that the opposite of his testimony is true, and consider it as substantive evidence of his guilt. *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).

Even assuming that the district court erred in admitting Phyfier's penitentiary packet and his other charges, the errors were harmless because they had no substantial influence on the outcome, and the government presented sufficient evidence uninfected by error to support the guilty verdict. *Harrison*, 329 F.3d at 789. At trial, the government presented recorded phone calls and video surveillance that showed Phyfier setting up, and engaging in, multiple drug deals. The government also presented testimony from witnesses involved in those drug deals who testified that they either bought drugs from Phyfier or sold him drugs. Indeed, Phyfier himself admitted that he sold drugs in 2007 and stated that his charges should have been dismissed under the statute of limitations. The government also presented evidence that showed Phyfier kept firearms at his mother's home, where he conducted his drug transactions. Additionally, the

government offered sufficient evidence to show that Phyfier knew that he was a convicted felon and knew that he possessed a firearm.

Moreover, the jury was allowed to disbelieve Phyfier's testimony, conclude that the opposite of his testimony was true, and consider it as substantive evidence of his guilt because he testified in his own defense. *Brown*, 53 F.3d at 314. Further, Phyfier raised his domestic-violence and sexual-torture charges before the jury while presenting his case, and the district court warned Phyfier that he might not wish to raise those charges with the jury.

Accordingly, because the government presented sufficient evidence free from error to support the jury's guilty verdict, we also affirm as to this issue.

**AFFIRMED.**