IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cr-00482-MHT |
| | ) | |
| CYRUS PHYFIER | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**_PRO SE_ MOTION TO COMPEL RETURN OF PROPERTY (Doc. 910)**

COMES NOW the United States of America, by Assistant United States Attorney, Justin L. Jones, and submits the following response to Defendant's Motion to Compel Return of Property (Doc. 910).

**Procedural Background**

On July 7, 2017, Defendant Cyrus Phyfier was charged in a 10-count Second Superseding Indictment (Doc. 582) for violations of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. §§ 922(g)(1), 924(e)(1), and 924(c)(1)(A). The Second Superseding Indictment included two forfeiture allegations which gave the defendant notice that the government would seek forfeiture of all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses listed in Counts 1-9 pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) by 28 U.S.C. § 2461(c). Count 10 of the Second Superseding Indictment charged the defendant with violations of 18 U.S.C. § 922(g)(1) for possession of the Smith & Wesson .45 caliber semi-automatic pistol for which he seeks return in his motion. No forfeiture allegation was included for Count 10 or the Smith & Wesson .45 caliber semi-automatic pistol as the firearm had been previously forfeited in an administrative forfeiture proceeding.

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has a Samsung cell phone in its possession that was retained for evidentiary purposes. Assuming the Samsung cell

phone is the device the defendant wants returned, it is in the custody of federal law enforcement and the government has not at any point sought forfeiture of any cell phone. The defendant has filed numerous appeals and motions attempting to overturn his conviction. At least one motion to vacate/set aside is pending and the release of the cell phone is thereby currently premature.

**Notice of Administrative Forfeiture**

On October 18, 2017, members of the Gulf Coast Regional Fugitive Task Force (GCRFTF) located and arrested Cyrus Phyfier at 4132 Carmichael Rd Apt. 219 Montgomery, AL 36106 on an outstanding sexual torture warrant. While conducting a protective sweep of the residence members of the GCRFTF observed on a shelf in a closet under a pillow, but still in plain view, a Smith & Wesson model 457 pistol with serial number VKR5044. This firearm was found to also have seven (7) rounds of .45 caliber ammunition.  On October 25, 2017, the Bureau of Alcohol, Tobacco, Firearms and Explosives took custody of the Smith & Wesson pistol for purposes of federal forfeiture.

Pursuant to the administrative forfeiture process, on or about November 24, 2017, notice was sent to the defendant at the Montgomery County Detention Center located at 225 South McDonough Street, Montgomery, Alabama and to Shakalya Harris at 4132 Carmichael Road, Montgomery, Alabama.

Notice of forfeiture was posted on www.forfeiture.gov for a period of 30 days, beginning on November 27, 2017, and ending on December 26, 2017.

The deadline to file a claim of ownership to the firearm was December 29, 2017.  Because no claims were filed, the firearm was administratively forfeited on March 9, 2018.

**Legal Discussion**

The Smith & Wesson pistol was forfeited during the administrative process by the Bureau

of Alcohol, Tobacco, Firearms and Explosives, after first sending proper notice to Phyfier and his roommate, Shakalya Harris, as well as by internet publication. Since the firearm was forfeited pursuant to the administrative process, a Rule 41(g) motion is not the proper vehicle to contest a completed administrative forfeiture. *United States v. Russell*, 2006 WL 2786883 (M.D. Ala. 2006). The exclusive remedy is under 18 U.S.C. § 983(e). Because 983(e) is the exclusive remedy for challenging a completed administrative forfeiture, the court in a criminal case lacks jurisdiction to consider a motion for the return of administratively forfeited property. *Id.* Assuming Phyfier later decides to forego his Rule 41(g) motion for the return of administratively forfeited property, and re-files his motion under 983(e), Phyfier can only seek relief under 983(e) when the Government has failed to comply with the notice requirements. Phyfier cannot challenge the forfeitability of the property. S*ee Valderrama v. United States,* 417 F.3d 1189, 1196 (11th Cir. 2005). In this case, notice was completed by service to Phyfier in the Montgomery County Detention Center, notice to his roommate Shakalya Harris, and by internet publication. Therefore, to the extent that Phyfier seeks the return of administratively forfeited property, this Court lacks jurisdiction, and this Court cannot fashion an equitable relief in response to an improper Rule 41(g) motion. Moreover, Rule 41(g) is not the proper route to challenge the administrative forfeiture.

**Conclusion**

The Rule 41(g) motion is not the proper vehicle to seek the return of administratively forfeited property. The exclusive remedy for challenging a completed administrative forfeiture is 18 U.S.C. § 983(e). Phyfier does not assert that the government failed to properly notice him or offer any evidence that there are grounds for judicial review of the administrative forfeiture. It would be inappropriate for this Court to exercise equitable jurisdiction to review the merits of the forfeiture matter when Phyfier elected to forego the procedures available to him for pursuing an

adequate remedy at law.   The United States submits that there is no need for a hearing on this motion since the court can issue an order solely on the facts of this case, and the fact that there is no relief available to Phyfier pursuant to his Rule 41(g) motion to return property. The United States respectfully requests this motion be summarily denied.[1]

      Respectfully submitted this 7th day of October, 2021.

                                    SANDRA J. STEWART
                                    ACTING UNITED STATES ATTORNEY

                                    */s/ Justin L. Jones*
                                    JUSTIN L. JONES
                                    Assistant United States Attorney
                                    131 Clayton Street
                                    Montgomery, Alabama 36104

---

[1] The Government sent a previous filing concerning the same property the subject of the motion at bar to the defendant via U.S. mail on July 28, 2021. The Government will pay for tracking of the delivery of this motion to ensure delivery if a question arises at a later date.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cr-00482-MHT |
| | ) | |
| CYRUS PHYFIER | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2021, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system. A true and exact copy of the foregoing Response to Defendant's Motion for Return of Seized Property was mailed on October 6, 2021, to:

Cyrus Phyfier, Reg. No. 17322-002
FMC Butner
Federal Medical Center
PO Box 1600
Butner, NC   27509

Respectfully submitted,

*/s/ Justin L. Jones*
JUSTIN L. JONES
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104