IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cr-482-MHT-SMD |
| | ) | |
| CYRUS PHYFIER | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant's pro se Motion for Return of Property (Doc. 904) and Defendant's pro se Motion to Compel the Return of Property (Doc. 910). In the Motions, Defendant seeks the return of his personal property—namely, a Samsung Edge 8+ cell phone and a Smith & Wesson .45 caliber semi-automatic pistol—that was seized as part of the criminal case against him.[1] *Def.'s Mot.* (Doc. 904) p. 1; *Def.'s Mot.* (Doc. 910) p. 1. Defendant asks that the property be returned to his sister. *Def.'s Mot.* (Doc. 904) at 1; *Def.'s Mot.* (Doc. 910) at 1.

**I.    PROCEDURAL HISTORY**

On July 7, 2019, Defendant was indicted in a ten-count second superseding indictment for various drug and firearm charges. *Second Superseding Indictment* (Doc. 582). The second superseding indictment included two forfeiture allegations that the Government would seek forfeiture of all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses listed in Counts 1-9. *Id.*

---

[1] In substance, Defendant's motions are the same. The only notable difference between them is that the second motion specifically identifies the cell phone as a "Samsung Edge 8+" while the first motion simply references "one cell phone." *Compare Def.'s Mot.* (Doc. 910) p. 1 *with Def.'s Mot.* (Doc. 904) p. 1.

pp. 6-8. Count 10 of the second superseding indictment charged Defendant as a felon-in-possession of a firearm—the Smith & Wesson .45 caliber handgun he now seeks to have returned. *Id.* at 5. No forfeiture allegation was included in that Count because the firearm was administratively forfeited on March 9, 2018.[2] *Gov.'t's Resp.* (Doc. 912) p. 2. A jury convicted Defendant on all charges, *Jury Verdict* (Doc. 629), and he has filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct His Sentence, *Phyfier v. United States*, 2:21-cv-480-MHT-SMD, which remains pending.

## II.   APPLICABLE LAW

Under Federal Rule of Criminal Procedure 41(g), an individual whose property has been unlawfully seized or unreasonably retained by the government may seek return of the property by filing a motion in the district court where the property was seized. FED. R. CRIM. P. 41(g). When a defendant invokes Rule 41(g) after the close of criminal proceedings, the court treats the motion as a civil action in equity. *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001).

Importantly, a Rule 41(g) motion cannot be used to recover property that has been forfeited to the government in an administrative or civil forfeiture proceeding. *United States v. Zambrano*, 353 F. App'x 227, 228 (11th Cir. 2009); *United States v. Eubanks*, 169 F. 3d 672, 674 (11th Cir. 1999). The government's written assertion that a movant has lost his right to property via forfeiture is sufficient to deprive the court of the authority to grant a Rule 41(g) motion. *United States v. Russell*, 2006 WL 2786883, at *2 (M.D. Ala. Sept.

---

[2] The details of this administrative forfeiture are set forth more fully in Section III B, *infra*.

27, 2006) (Thompson, J. adopting Recommendation of Magistrate Judge). Instead, to recover property that has been forfeited, the movant must seek remedy through 18 U.S.C. § 983(e), which provides the exclusive remedy for setting aside a forfeiture. *United States v. Artis*, 172 F. App'x 309, 311 (11th Cir. 2006) (citing *United States v. Watkins*, 120 F. 2d 1018, 1020 (11th Cir. 1989)).

**III.   DISCUSSION**

The Government contends that Defendant seeks the return of two categories of property in this case: (1) property that the Government has retained for evidentiary purposes pursuant to ongoing proceedings; and (2) property that has already been administratively forfeited. *Gov't's Resp.* (Doc. 912) pp. 1-3. Defendant is not entitled to the return of either category of property.

**A.   The Samsung 8+ Cell Phone**

The Government acknowledges that Defendant's cell phone is in its possession and asserts that it has not sought its forfeiture. *Gov't's Resp.* (Doc. 912) pp. 1-2. Nonetheless, because Defendant "has filed numerous appeals and motions attempting to overturn his conviction," the Government contends that it is maintaining the cell phone for evidentiary purposes, and that its release is premature. *Id.* at 2.

In July 2021, Defendant filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his sentence. *See Phyfier v. United States*, 2:21-cv-480-MHT-SMD. That motion remains pending. If Defendant's motion is granted, the cell phone may be necessary evidence in a new trial. Therefore, Defendant's request to return the cell phone is premature and should be denied. *See United States v. Stoune*, 842 F. App'x 433, 436 (11th Cir. 2021)

3

(finding that, because the defendant had a § 2255 motion to vacate pending, he was not entitled to release of his property because the items might be needed if there is a new trial); *United States v. Uribe-Londono*, 177 F. App'x 89, 92 (1st Cir. 2006) (affirming a district court's denial of a defendant's "premature" Rule 41(g) motion for the return of evidentiary property pending the appeal of his conviction).

### B. The Smith & Wesson .45 Caliber Pistol

The Government asserts that Defendant's pistol has been administratively forfeited and, therefore, a Rule 41(g) motion is not the proper vehicle to contest the forfeiture. *Gov't's Resp.* (Doc. 912) pp. 2-3. Specifically, the Government avers the following. On October 25, 2017, the Bureau of Alcohol, Tobacco, Firearms, and Explosives took custody of Defendant's pistol for purposes of federal forfeiture. *Id.* at 2. Then, on or about November 24, 2017, notice that the pistol was subject to administrative forfeiture was sent to Defendant at the Montgomery County Detention Center and to his roommate, Shakalya Harris. *Id.* Further, notice of the forfeiture was posted on www.forfeiture.gov for a period of thirty days, ending December 26, 2017. *Id.* Based on this timeline, the Government contends that the deadline to file a claim of ownership to the pistol was December 29, 2017. *Id.* And, because no claims were filed by that date, the pistol was administratively forfeited on March 9, 2018. *Id.*

The Government's written assertion that the pistol was administratively forfeited is sufficient to deprive this Court of authority to grant Defendant's Rule 41(g) motion. *Watkins*, 120 F.3d at 255-56 ("When the Government, in its written response to a Rule 41[(g)] motion, admits its position is that, by forfeiture, the movant has already

4

permanently lost his right to the pertinent property, the government's judicial admission is enough to deprive the court of the authority to grant the Rule 41[(g)] motion."). When the Government avers that property has been forfeited, the issue for adjudication becomes whether the Government has acted wrongfully in taking the property. *Id.* Such a challenge must be brought under 18 U.S.C. § 983(e). *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) ("Section 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.").[3] Because Defendant's exclusive remedy for the return of the forfeited pistol is pursuant to § 983(e), this Court lacks jurisdiction over his Rule 41(g) motion. *See United States v. Verdieu*, 718 F. App'x 822, 824-25 (11th Cir. 2017) (finding that the district court did not err in concluding that Rule 41(g) was not the appropriate vehicle for the return of property that was administratively forfeited by the DEA and not retained for use as evidence). As such, Defendant's Rule 41(g) motion to return the pistol should be denied.

## IV. CONCLUSION

For the reasons set forth above, it is the

---

[3] Notably, Defendant has not alleged that he did not receive notice of the administrative forfeiture of the pistol or that the Government did not follow proper procedural safeguards during the forfeiture process. *Def.'s Mot.* (Doc. 904) p. 1; *Def.'s Mot.* (Doc. 910) p. 1. As such, it does not appear that Defendant is challenging the adequacy of the forfeiture on procedural grounds; therefore, the undersigned does not construe Defendant's motion as a claim under § 983(e). Further, Defendant's contention that he never received the Government's response to his Rule 41(g) motion until one month after the response was due does not give this Court jurisdiction over the motion. *See Verdieu*, 718 F. App'x at 825 ("Verdieu's contention that he never received the government's response to his Rule 41(g) motion does not give the district court jurisdiction.").

RECOMMENDATION of the undersigned Magistrate Judge that Defendant's Motion for Return of Property (Doc. 904) and Motion to Compel the Return of Property (Doc. 910) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 23, 2021. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of December, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE