**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **2:17cr482-MHT** |
| | ) | **(WO)** |
| **CYRUS PHYFIER** | ) | |

**OPINION**

Amendment 821 to the 2023 edition of the United States Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history category with respect to offenders who earned status points based on the commission of an offense while serving a criminal justice sentence, and to the calculation of offense level for offenders who had zero criminal-history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the office of the United States Attorney, the United States Probation Office, the Federal Defender's office, and

the Clerk of Court's office, to determine whether a defendant might be eligible for a reduction of sentence.

Defendant Cyrus Phyfier filed a motion for modification of sentence (Doc. 949) based on Amendment 821's changes to the Sentencing Guidelines. The court referred the motion to the Panel.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered April 11, 2024, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Cyrus Phyfier is not eligible to receive a reduction in sentence pursuant to Amendment 821 because the amendment does not change his guideline imprisonment range, and the court cannot grant a sentencing reduction under 18 U.S.C. § 3582(c)(2) when an amendment to the guidelines does not have the effect of lowering the defendant's applicable guideline range. *See* U.S. Sentencing

2

Guidelines §1B1.10(a)(2)(B) (2023 ed.) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— ... an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."). Phyfier was sentenced under the career-offender guideline, which specifies that a career offender's criminal history category is always VI. *See* U.S. Sentencing Guidelines §4B1.1(b) (2018 ed.) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). While Phyfier received two status points as part of the criminal history calculation for being under a criminal justice sentence at the time of his offense, the elimination of those two status points pursuant to Amendment 821 does not change his guidelines range because his criminal history category must remain a VI.

3

An appropriate order will be entered.

DONE, this the 11th day of April, 2024.

                                          /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**