IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr482-MHT |
| | ) | (WO) |
| **CYRUS PHYFIER** | ) | |

## ORDER

Upon consideration of defendant Cyrus Phyfier's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 893), it is ORDERED that motion is denied for the following reasons.

A court may reduce a term of imprisonment pursuant to § 3582(c)(1)(A) only if three requirements are met: "(1) the [18 U.S.C.] § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and, ... (3) doing so wouldn't endanger any person or the community within the meaning of [United States Sentencing Guidelines] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).

After considering all relevant 18 U.S.C. § 3553(a) factors, the evidence presented by Phyfier and the government on the sentence-reduction motion and supplemental briefing, and particularly Phyfier's criminal history and his very serious criminal conduct in this case, the court finds that the § 3553(a) factors weigh against granting a sentencing reduction because a reduced sentence would not adequately reflect the seriousness of Phyfier's offense or afford adequate deterrence to criminal conduct.  *See* 18 U.S.C. §§ 3553(a)(1) (requiring courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"), and (a)(2) (requiring courts to consider "the need for the sentence imposed ... (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] (B) to afford adequate deterrence to criminal conduct").

Because the first requirement for a sentence reduction was not satisfied, the court does not need to address the other two requirements. *See Tinker*, 14 F.4th at 1238 ("Because at least one of the compassionate-release conditions was not satisfied, it cannot—as either a syntactical or logical matter—have been error for the district court to skip assessment of another condition.").

DONE, this the 11th day of April, 2024.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**